# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDMAR DISTRIBUTORS, INC. | : | 11-cv-1082 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| MARLEY ENGINEERED PRODUCTS, LLC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### July 26, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently pending in this action that was removed from York County Court on July 6, 2011, is Defendant Marley Engineered Products' ("Defendant") Motion to Dismiss. (Doc. 3.) Defendant filed the Motion and a Brief in Support thereof on June 13, 2011. (*See* Docs. 3, 4.) The time to file a Brief in Opposition expired on June 30, 2011 with no response from Plaintiff Vidmar Distributors, Inc. ("Plaintiff"). Though pursuant to our Local Rules we may have deemed Plaintiff not to oppose the Motion and granted it based upon Plaintiff's failure to respond, in an abundance of caution we issued an Order warning Plaintiff that we will grant the Motion as unopposed unless Plaintiff filed a response by Monday, July 25,

2011. (Doc. 7.) Plaintiff neglected to respond, and we can only assume that it has abandoned this litigation and does not oppose the Motion to Dismiss. In addition to Plaintiff's failure to oppose, we find upon thorough review of the Motion and the Complaint that the merits of the Motion to Dismiss likewise justify dismissal.[1] An appropriate Order shall enter.

---

[1] To briefly summarize, Defendant first argues that Plaintiff has failed to state a claim for the alleged violation of the Racketeer Influenced and Corrupt Organizations, 18 U.S.C. § 1961 *et seq.* ("RICO") because this is a typical commercial dispute and, at best, the Complaint could only support a tort or contract claim. Further, Defendant notes, and we agree, that Vidmar has failed to allege that Defendant conducted or participated in an enterprise that affected foreign or interstate commerce through a pattern of racketeering activity. (*See* Doc. 4 pp. 8-9 (citing *Sedima, S.P.R.L. v. Imrex, Co.*, 478 U.S. 479, 496 (1985)).) Specifically, and importantly, the Complaint does not allege the commission of racketeering activities.

Second, Defendants argue that Plaintiff fails to state a breach of contract action because Plaintiff does not identify the existence of a valid contract between Plaintiff and Defendant. Rather, the Complaint demonstrates that Defendant offered a price quotation and "[t]he general rule is price quotations are not offers, but rather mere invitations to enter into negotiations or to submit offers." *Bergquist Co. v. Sunroc Corp.*, 777 F. Supp. 1236, 1248-49 (E.D. Pa. 1991). The Complaint alleges preliminary negotiations, in which Plaintiff expressed an interest in, at some point, purchasing an unspecified amount of fans, Defendant responded with a price quotation, and Plaintiff never followed up. We do not construe this interaction to have formed a valid, enforceable contract.

Third, as Defendant argues and we find, Plaintiff fails to state a claim for detrimental reliance because it has not alleged in the Complaint any false or misleading conduct by Defendant.

And, finally, Plaintiff fails to state a claim for tortious interference with prospective contractual relations. To state such a claim, a plaintiff must demonstrate the following: (1) a prospective contractual relationship between the plaintiff and a third party; (2) an action by the defendant specifically intended to harm the prospective relationship between the plaintiff and the third party; (3) conduct by the defendant that a fact finder could reasonably find improper or is improper as a matter of law; and (4) damages. *Univ. Graphics, Inc. v. Pro-Image Corp.*, 913 F. Supp. 338, 342 (M.D. Pa. 1996). The Complaint fails to allege that Defendant intended to harm Plaintiff's bid and it fails to reasonably identify specific facts that could demonstrate that Defendant's conduct was improper.